IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARC ANTHONY LOWELL ENDSLEY,

    Plaintiff,                    No. CIV S-09-2311 WBS GGH P

    vs.

STEPHEN MAYBERG, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff pro se, civilly committed to a state mental hospital, seeks relief pursuant to 42 U.S.C.§ 1983.  Plaintiff filed a motion for partial summary judgment on April 13, 2011. On April 15, 2011, defendants filed a response to a request for an extension of time to plaintiff's putative request for 45 more days to respond to discovery requests from all five defendants. Defendants stated they had no objection so long as defendants were granted an extension of time to respond to plaintiff's partial summary judgment motion.  On April 27, 2011, defendants filed an ex parte application either for the court to deny plaintiff's partial summary judgment motion or for the court to grant a continuance under Fed. R. Civ. P. 56(d) for defendants to respond to plaintiff's partial summary judgment motion until the dispositive motion deadline.  Plaintiff has filed no response to these filings, nor is there evidence in the case docket that he filed the extension request defendants reference.

        Defendants indicate the discovery requests were served on March 1, 2011. Plaintiff's responses therefore would be due by April 15, 2011, but pursuant to a 45-day

extension would be due on May 30, 2011. There being no record of plaintiff's having sought an extension of time to serve discovery responses, the court is left to infer that defendants themselves have at least implicitly permitted plaintiff the additional time as defendants have not brought a motion to compel discovery. Currently, the discovery and scheduling order set the discovery cut-off date as July 27, 2011. The dispositive motion deadline is currently set for November 8, 2011.

Plaintiff's discovery responses are evidently to be served by or before May 30, 2011; if necessary, defendants would have ample time between May 30, 2011, and July 27, 2011, the discovery deadline, to bring any motion to compel. As to the pending motion, defendants should not be required to oppose plaintiff's partial summary judgment motion while he has not served any discovery responses defendants deem important to any opposition. See Christina Carroll Declaration, docket # 35. The court will not require defendants to file an opposition to any form of a summary judgment motion brought before discovery closes. Defendants indicate their intention to file their own dispositive motion by November 8, 2011. Plaintiff is premature in seeking any form of summary judgment where arguably relevant discovery remains outstanding and his motion for partial summary judgment will be vacated without prejudice to his re-noticing it after discovery closes.

IT IS ORDERED that plaintiff's premature motion for partial summary judgment, filed on April 13, 2011 (docket # 33), is hereby vacated from the court's calendar, subject to plaintiff's re-noticing it once discovery closes.

DATED: May 11, 2011                                          /s/ Gregory G. Hollows

                                                            UNITED STATES MAGISTRATE JUDGE

GGH:009
ends2311.ord