IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARC ANTHONY LOWELL ENDSLEY,

    Plaintiff,                           No. CIV S-09-2311 WBS GGH P

    vs.

STEPHEN MAYBERG, et al.,

    Defendants.                 ORDER

_____/

Introduction

       Plaintiff pro se, civilly committed to a state mental hospital, seeks relief pursuant to 42 U.S.C.§ 1983. Pending before the court are: 1) plaintiff's motion for partial summary judgment, filed on July 8, 2011, to which defendants' filed their opposition on July 27, 2011; 2) defendants' motion to compel discovery, filed on July 27, 2011, to which plaintiff has failed to file any response; and 3) defendants' ex parte motion for an extension of time to file a dispositive motion, filed on October 6, 2011.

Plaintiff's Allegations

       In sum, this action proceeds on plaintiff's claims that his transfer from Patton State Hospital to Atascadero State Hospital was retaliatory for his having filed lawsuits and grievances and was also predicated on his refusal to accept treatment although he has a right to

refuse such treatment, and that he has been deprived of his property without due process.[1]
Plaintiff seeks money damages, declaratory and injunctive relief.  See Complaint.

Motion to Compel

Defendants move to compel plaintiff's responses, under Fed. R. Civ. P. 37(a)(3)(B), to defendants' requests for production of documents, set one, and to require, pursuant to Fed. R. Civ. P. 33(b)(3), that he provide signed verifications under oath in support of his interrogatory responses.  Notice of Motion and Motion to Compel (MTC), pp. 1-2. Defendants' counsel sets forth under oath that defendants Mayberg, Malancharuvil, Luna, DeMorales and Radavsky served plaintiff with requests for admissions, set one; interrogatories, set one; and requests for production of documents, set one, on March 1, 2011.  MTC, p. 2, citing Declaration of Christina Carroll,[2] ¶ 3.  Exhibit (Ex.) A to Christina Carroll's declaration are, according to defendants, copies of defendants' interrogatories and requests for production.  MTC, Carroll Dec., ¶ 3.  Ex. B, defendants aver, contains plaintiff's responses to the interrogatories and requests for production.  Id.  Defendants contend that plaintiff did not provide a proof of service for his responses to the requests for admissions and interrogatories but that the responses were contained in a envelope postmarked June 2, 2011, a copy of which is attached as Ex. C to the Carroll declaration.  Id.

Defendants concede that plaintiff produced copies of five letters to and from various employees of the Department of Mental Health, they maintain that he provided no response to any of the requests for production nor indicate how, if at all, the letters were responsive to the defendants' production requests.  MTC, pp. 2-3, Carroll Dec., ¶ 4. Furthermore, defendants assert that plaintiff failed to provide signed verifications under oath

---

[1] Plaintiff's claim that he was entitled to notice or due process prior to his transfer from Patton State Hospital to Atascadero State Hospital has been dismissed.  See Order, filed on January 19, 2011, adopting Findings and Recommendations, filed on November 22, 2010.

[2] Christina Carroll states that she is an associate attorney with Williams & Associates, attorneys of record for defendants.  Carroll Dec., ¶ 2.

attesting to the truth of his interrogatory responses. MTC, p. 3, Carroll Dec., ¶ 4.

Plaintiff, as noted, has provided no response whatsoever to defendants' motion. The letter copies produced by plaintiff include correspondence signed by some of the defendants and other correspondence that is not. MTC, Ex. B to Carroll Dec. One letter is from plaintiff addressed to two defendants in this case and dated June 9, 2008. Defendants are correct that simply producing documentation without indicating to which requests they are intended to be responsive and without appropriate indication as to how the documents are responsive to specific requests is plainly inadequate. In one letter, for example, defendant DeMorales explains why, inter alia, nurses cannot be expected to maintain plaintiff's electronic equipment in the nursing station (as it can be inferred that plaintiff asked) when their primary job is to provide care and treatment for patients. In the letter from plaintiff, he complains of the circumstances of his transfer from Patton State Hospital to Atascadero, avers that Atascadero is not appropriate for him, complains of a lack of access to property to which he had had access at Patton and promises that, should he be returned to Patton or another more "appropriate" hospital (than Atascadero), he would no longer fail to comply with court procedures there (at Patton) as he had before. A letter from various non-party staff at Patton indicates, among other things, a lack of cooperation on plaintiff's part with his treatment regime prior to the transfer. The letter writers state that while the treatment team at Patton had realized some success with plaintiff in the past, he had become unwilling to talk to or cooperate with Patton staff and alleged that plaintiff felt he was being punished at Patton in retaliation for his past litigious and threatening behaviors. The reason for the transfer is stated as being for the purpose of providing plaintiff with a new start and also so that when his requests were denied (as apparently occurred when he was not permitted a Playstation III at Patton), he would be assured that the denials were not in retaliation for past behavior. It is unclear how this letter, evidently written and signed by individuals who are not parties to this action, is responsive to defendants' requests for production and plaintiff should indicate how the production is responsive.

Under Fed. R. Civ. P. 34(b)(2)(A), a party to whom a request for production "is directed must respond in writing...." Under Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Plaintiff will be directed to provide written responses, by October 31, 2011, to each request for production of documents, to identify to which requests the production he has made is responsive and to provide any further production he has within his possession, custody or control that is responsive to the requests or, if he has no documents to produce with respect to any request, he is to indicate in writing as to each such request that he has no production responsive to the request.

As for the lack of verifications, Fed. R. Civ. P. 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing *under oath*."[3] Plaintiff must provide, by October 31, 2011, verifications signed under oath in support of his responses to set one of defendants' interrogatories propounded upon him.

Plaintiff's Motion for Partial Summary Judgment

By order, filed on May 12, 2011, plaintiff's first motion for partial summary judgment was vacated as premature from the court's calendar subject to being re-noticed *once discovery closes*. In that order, the court observed that the Discovery and Scheduling Order set the discovery deadline as July 27, 2011. Nevertheless, plaintiff then proceeded to file a second motion for partial summary judgment, on July 8, 2011, prior to the discovery cut-off and prior to the deadline for the filing of any motion to compel discovery. The court will once again vacate the premature partial summary judgment motion, subject to being re-noticed after October 31, 2011, by which time plaintiff must have provided defendants the further discovery responses directed by the court herein. When plaintiff has complied timely with this order directing further responses, plaintiff may re-notice his second motion for partial summary judgment. *Plaintiff need not re-file the substantive motion, nor do defendants need to file any further opposition.*

---

[3] Emphasis added.

Instead, plaintiff must simply file a notice to the court indicating that he has timely complied with the instant order and is therefore re-noticing his now- vacated second motion for partial summary judgment on the court's calendar.

<u>Defendants' Motion for Extension of Time</u>

The discovery and scheduling order set November 8, 2011, as the deadline for filing of pretrial dispositive motions. Defendants, however, filed a motion to compel discovery, which the court by this order has granted. Defendants are entitled to the discovery responses sought and plaintiff has been directed to provide them by no later than October 31, 2011. Nevertheless, defendants do not show good cause to be granted four months or more from the date of this order to bring a summary judgment motion. Instead, defendants will be granted a two-month extension of time from the original dispositive motion deadline, or until January 7, 2012, (which is more than two months after the further discovery defendants have sought from plaintiff is due) to file any dispositive motion.

Accordingly, IT IS ORDERED that:

1. Defendants' July 27, 2011 (docket # 39), unopposed motion to compel plaintiff's responses to their requests for production of documents, set one, and for signed verifications under oath by plaintiff in support of his responses to defendants' interrogatories, set one, is granted;

2. Plaintiff must provide, by October 31, 2011, written responses to each of defendants' production requests, set one, as set forth above, identifying to which request his production has been responsive, providing further production where appropriate if he has such within his possession, custody or control, and indicating, where he has none, that he has no responsive documentation; plaintiff must also provide signed verifications in support of his responses to defendants' interrogatories, set one, by no later than October 31, 2011;

3. Plaintiff's second premature motion for partial summary judgment, filed on July 8, 2011 (docket # 37), is hereby vacated from the court's calendar; however, once plaintiff

has timely provided the responses and verifications ordered herein, he should so inform the court and in doing so, re-notice the instant motion on the court's calendar. Plaintiff need not re-file the substantive second motion for partial summary judgment and defendants need not file any further opposition;

          4. Defendants' ex parte motion for an extension of time to file a motion for summary judgment, filed on October 6, 2011 (docket # 41), is partially granted; the deadline for the filing of a dispositive motion is now extended to January 7, 2012.

DATED: October 17, 2011

          /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE

GGH:009
ends2311.ord2